HOWARD v. STATE. (Court of Criminal Appeals of Texas. Nov. 19, 1913.) Appeal from Criminal District Court, Dallas County; Barry Miller, Judge. Will Howard was convicted, and appeals. Affirmed. C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. Under an indictment for theft from the person, appellant was convicted, and his punishment fixed at the lowest prescribed by law, two years' confinement in the penitentiary. There is no statement of facts, and no question is raised which we can pass upon without this. The judgment is affirmed.

---

JOHNSON v. STATE. (Court of Criminal Appeals of Texas. Oct. 29, 1913.) Appeal from District Court, Houston County; John S. Prince, Judge. Walter Johnson was convicted of rape, and he appeals. Affirmed. C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. The appellant was indicted and convicted of rape on a girl under 15 years of age, and his punishment fixed at 20 years in the penitentiary. There is neither a bill of exceptions nor a statement of facts in this case. In the motion for new trial several grounds of it complain of matters that can only be raised and presented by bill of exceptions; and even if there had been bills, they could not properly be considered without a statement of facts. There are none of the other questions attempted to be raised by the motion for a new trial that can be considered in the absence of a statement of facts. The indictment is good, following the statute and the approved forms. The judgment will be affirmed.

---

MARSDEN v. STATE. (Court of Criminal Appeals of Texas. Nov. 19, 1913.) Appeal from District Court, Travis County; George Calhoun, Judge. E. J. Marsden was convicted, and appeals. Affirmed. C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, J. Appellant was convicted of burglary; his punishment being assessed at two years' confinement in the penitentiary. The record is before us without bills of exception or statement of facts, and no showing made why they are not in the the record. The time of filing the exceptions and statement of facts has long since past. Finding no reversible error in the record, the judgment is affirmed.

---

TOLLETT v. STATE. (Court of Criminal Appeals of Texas. Oct. 29, 1913.) Appeal from Tom Green County Court; Oscar Frink, Judge. J. F. Tollett was convicted of chicken stealing, and appeals. Affirmed. C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. Appellant was prosecuted and convicted of stealing some chickens —petty theft—and his punishment fixed at a fine of $25 and ten days in jail. The evidence is amply sufficient to sustain the verdict. There is no bill of exceptions in the record, and there is no complaint in any way of the charge of the court. The only ground of complaint in the motion for a new trial is, in effect, that the verdict of the jury is contrary to the law, and contrary both to the law and the evidence. It would serve no useful purpose in this or any other case to state in full or in substance the evidence. If that introduced by the state was believed by the jury, which evidently it was, as stated above, it was amply sufficient to authorize the verdict. The judgment will be affirmed.

---

WILLIS v. STATE. (Court of Criminal Appeals of Texas. Nov. 12, 1913.) Appeal from Dallas County Court at Law; W. F. Whitehurst, Judge. Roy Willis was convicted of unlawfully giving and selling liquor to a minor without the written consent of his parents or guardian, and he appeals. Affirmed. C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. Appellant was indicted under P. C. 1911, art. 593, for unlawfully giving and selling to a minor, without the written consent of his parents or guardian, intoxicating liquor. He waived a jury and submitted the case to the court. The court found him guilty and assessed his punishment at a fine of $50. The indictment is correct and follows the statute. There is no statement of facts or bills of exceptions. No question is raised that we can consider in the absence of these. The judgment is affirmed.

---

AMERICAN NAT. BANK v. CORSICANA NAT. BANK. (Court of Civil Appeals of Texas. Dallas. Nov. 8, 1913.) Appeal from Navarro County Court; J. M. Blanding, Judge. Action between the American National Bank and the Corsicana National Bank. From the judgment, the American National Bank appealed. The judgment was affirmed without opinion, and appellant moves for a rehearing. Motion overruled. W. W. Ballew, of Corsicana, for appelland. Richard Mays, of Corsicana, for appellee.

TALBOT, J. The judgment of the lower court in this case was affirmed at the last term of the court without a written opinion. Appellant, in due time, filed a motion for a rehearing, and assumes that we declined to consider its assignments of error, because they were not in compliance with amended rules 24 and 25 (142 S. W. xii), promulgated by the Supreme Court for the government of this court, and, therefore affirmed the judgment without a consideration of the case on its merits. This assumption is incorrect. At the time our opinion was delivered we had before us the decision of the Supreme Court in Railway Co. v. Beasley, 155 S. W. 183, and following the construction of the rules referred to in that case appellant's assignments were considered and the case affirmed, because we were of the opinion the record disclosed no reversible error. Because of the court's heavy docket, and the conclusion that the record presented no new or important question of practice or of law for decision, no written opinion was filed. In the light of the motion for a rehearing filed by appellant's able counsel we have again reviewed the rulings of the trial court assailed in the brief, and are still of the opinion that we would not be warranted in reversing the case, and that a discussion of the questions raised would serve no useful purpose. The motion for rehearing is therefore overruled.